

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

January 10, 1974

The Honorable Robert S. Calvert                     Opinion No. H- 207
Comptroller of Public Accounts
State Finance Building                              Re: Validity of various provisions
Austin, Texas                                      of The General Appropriations Act
                                                   for fiscal 1974 and 1975

Dear Mr. Calvert:

You have requested our opinion concerning several riders to the Appropriations Act for fiscal 1974 and 1975 (House Bill 139, 63rd Leg. ) which appear in Article V, the General Provisions. One is Section 8 (p. V-37) which provides for payment for injuries suffered by state employees while performing the duties of any hazardous position and requires: "The expenditure of any appropriation for the purposes authorized by this Section shall have the approval of the Governor, . . ."

Section 37 of the same Article deals with "Computer and Computer Related Equipment and Services". It contains the provision that:

> "Funds appropriated in this Act and budgeted by agencies and departments in Articles I through IV for the acquisition of computer and computer-related equipment or services, including software program products and the employment on a fee basis of any private firm or person acting in the capacity of data processing consultants or supplying computer support services for any executive department or agency shall be expended only after a determination by the Governor, in accordance with the provisions of House Bill No. 50, Acts of the Sixty-second Legislature, Fourth Called Session, that the following facts have occurred:

"(a) That a detailed report has been prepared
outlining the steps taken to utilize like
resources already existing within the
agencies of the state and the conditions
requiring the additional resources.

"(b) That the assistance of the Systems
Division of the State Auditor's Office
and the Office of Information Services,
Governor's Office, has been sought and
that both have concurred in the proposed
expenditure. "

Your questions are:

(1) Is the rider requiring approval by the Governor of
the expenditure of any appropriation for injuries valid?

(2) Is the rider with reference to the computer services
a valid rider insofar as it requires the determination
by the Governor that subsections (a) and (b) have been
complied with?

(3) Is subsection (b) of the second rider valid insofar
as it requires concurrence of the State Auditor?

(4) Is subsection (b) a valid rider insofar as it requires
the concurrence of the Office of Information Services
of the Governor's Office?

Both of the riders about which you inquire apply across the board to
state agencies, offices and departments. Thus they would apply alike to con-
stitutional offices, such as that of the Attorney General, as well as statutory
offices. We find with little difficulty that the rider making the Governor's
approval a prerequisite to the expenditure of appropriated funds is invalid. We
need only refer to Attorney General Opinion M-1141 (1972) holding that a rider
in the Appropriations Act requiring approval of the Governor for expenditure

of appropriated funds to be used to pay dues, registration fees, or any kind of similar expense incurred in joining or participating in any type of organization, association, or society was invalid; Attorney General Opinion M-1191 (1972) holding invalid a rider in the Appropriations Act authorizing executive departments and agencies of the State to transfer funds when requested by the Governor to do so; Attorney General Opinion M-1199 (1972) holding invalid a great number of riders in an appropriations act requiring approval of the Governor for the expenditure of funds appropriated for specific purposes.

The 63rd Legislature submitted to us a proposed bill which would have given to the Governor budgetary authority, among other things, by withholding approval of expenditures he considered unnecessary, etc. We advised the Legislature that, in our opinion, the bill as written would be unconstitutional.

Attorney General Letter Advisory No. 2 (1973) stated:

> "The Bill is invalid also because it purports to subject to the supervisory authority of the Governor those executive offices and departments established by the Constitution. The framers of our Constitution shaped a plural executive to administer the State. The relationship of the offices constituting the executive branch of government is fixed by the Constitution, the Legislature cannot alter it. Though the Governor may demand certain disclosures of them pursuant to Article 4, § 24 of the Constitution, he cannot interfere with the exercise of their power or assume any supervisory control over them.

> "The separation of powers principle also denies him any such supervisory role over legislative or judicial arms or agencies of the government. If they discharge functions which constitutionally could not be assigned to the Governor initially, he cannot be given supervision over them."

We thus answer your first question that the rider purporting to require the approval of the Governor as a condition precedent to the expenditure of any

appropriation for payment for injuries is invalid.

With reference to your second, third and fourth questions, the language which we have quoted invokes the provisions of House Bill 50, 62nd Legislature, Fourth Called Session (Acts 1972, 62nd Leg., 4th C.S.; ch. 5, p. 8). Section 1 of that Act (now found as Art. 689a-4b, V.T.C.S.) provides:

> "The Governor of the State of Texas is authorized to find any fact specified by the Legislature in any appropriation bill as a contingency enabling expenditure of any designated item of appropriation."

Section 2 of the Act provides that the Governor's determination shall be based upon evidence; that it shall be filed with the Comptroller and shall be final, subject to review in the courts. The statute has not been the subject of either an Attorney General Opinion or court decision.

Insofar as the statute will authorize an appropriation to be made to hinge upon the determination by the Governor of the existence of a fact, and not upon any exercise of his discretion, we think it valid. In 1942 the Pink Bollworm Act (Articles 68 through 82, V.T.C.S.) called for the Pink Bollworm Commission to determine whether or not there was an infestation of pink bollworms and to make such recommendations to the Governor as deemed sufficient to the protection of the cotton industry."... Should this report express the conclusion that it is dangerous to the cotton industry of Texas that cotton be grown in this State along the boundary adjacent to such infestation, the Governor shall there upon proclaim such area . . . a non-cotton zone. . . ." Article 71, V.T.C.S.

In <u>Williams v. State,</u> 176 S.W. 2d 177 (Tex. Crim. 1943) the constitutionality of this provision was challenged and upheld. The Court said:

> "The question of this delegation of authority has been much before the courts, and especially is that true in recent years by the enlarged powers conferred upon administrative boards and tribunals. The generally accepted rule governing such matters now appears to

be that a legislative body may, after declaring a
policy and fixing a primary standard, confer upon
executive or administrative officers the power to
fill up the details, by prescribing rules and regula-
tions to promote the purpose and spirit of the legis-
lation and to carry it into effect. In such cases the
action of the Legislature in giving such rules and
regulations the force of law does not violate the
constitutional inhibition against delegating the
legislative function . . . " (176 S. W. 2d at 183)

Therefore we answer your second question that generally an appropriation
may be made subject to a determination by the Governor, or another adminis-
trative officer, that an event has occurred or a fact exists.

However, when we look at the specific requirements of subsection (b), i. e.,
that the State Auditor's office and the Governor's office have concurred in the
proposed expenditure, we find that this suffers from the same invalidity that
we ascribed to the requirement of the approval of the Governor for expenditures
for injuries. We therefore answer your third and fourth questions that, insofar
as the rider requires a finding that the State Auditor's office and the Office of
Information Services of the Governor's office have concurred in the proposed
expenditure for the computer and computer related equipment and services,
which concurrence is not necessarily based on a finding of fact, the rider is
invalid.

## SUMMARY

The Legislature may not, by rider to the Appropriations
Act, require approval by the Governor or other executive officer of
expenditures by all agencies, departments and offices of the State
of a particular nature. A finding by the Governor of the existence of
a particular fact may be required as a prerequisite to an expenditure.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

The Honorable Robert S. Calvert, page 6 (H-207)

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee